FILED
2013 Aug-08  PM 05:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **SHIRLEY J. CARTER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 1:12-CV-2288-VEH** |
| | ) |
| **JAMES KING,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| | ) |

---

## MEMORANDUM OPINION AND ORDER

On June 28, 2012, the plaintiff, Shirley J. Carter, filed this action against Wagon Wheel Restaurant, LLC, and James King.  (Doc. 1).  The original complaint alleged counts for employment discrimination in violation of Title VII of the Civil rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. (Count One), assault (Count Two), battery (Count Three), invasion of privacy (Count Four), outrage (Count Five), and breach of contract (Count Six).  (Doc. 1 at 9-15)  On April 2, 2013, the court entered the following order:

> THIS CAUSE is before the court on the Report of the Parties' Planning Meeting (Doc. 15). In a footnote, the parties agree that Defendant Wagon Wheel Restaurant, LLC has nothing to do with this case. (Doc. 15 at 1 n.1.) Therefore, the court will sua sponte dismiss Wagon Wheel Restaurant, LLC without prejudice. If, prior to the deadline to amend her

Complaint, Plaintiff desires to name additional defendants, she may seek leave to amend her Complaint consistent with the Federal Rules of Civil Procedures and the orders of this court.

(Doc. 17 at 1).  On May 13, 2013, the plaintiff moved

to add Wagon Wheel Restaurant as a Defendant to her claim that arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq ("Title VII"), and (ii) to add King's Limousine Service as a Defendant to her state law breach of contract claim.

(Doc. 21 at 1).  The plaintiff argued that both "Wagon Wheel Restaurant" and "King's Limousine Service" are owned and operated by defendant King.  (Doc. 21 at 1).  On June 4, 2012, the court noted that the defendant did not file an objection to the motion, and granted it.  (Doc. 22 at 1).  The plaintiff filed the amended complaint on June 7, 2013.  (Doc. 23).

This case comes before the court on the defendants' motion to dismiss.  (Doc. 24).  For the reasons stated herein, the motion will be **GRANTED, with leave to amend**.

## I.    STANDARD

"[A] court should only grant a motion to dismiss [under Rule 12(b)(6)] where the defendant demonstrates that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief."  *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).  "Moreover, when ruling on a motion to

dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded <u>facts</u> [and reasonable inferences drawn from those facts] as true." *Id*. (emphasis added). A court looks to the facts alleged in the plaintiff's complaint, and not its merely conclusory statements, when ruling on a motion to dismiss. Thus, to survive a motion to dismiss for failure to state a claim, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 1965. Mere conclusory statements in support of a threadbare recital of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

## II.   ANALYSIS

The defendants make two arguments in their motion to dismiss. First, they move to dismiss Wagon Wheel Restaurant because "[p]laintiff continues to allege that she was employed by the 'Wagon Wheel Restaurant, LLC.['] ("Wagon Wheel"), at all times material [to her complaint]." (Doc. 24 at 2) (citing doc. 23 at ¶¶ 5, 9, 12, and 21). The plaintiff states that this was merely a "clerical error" and that Wagon Wheel

3

Restaurant should not be dismissed.  The court agrees with the plaintiff.  It is clear from the plaintiff's motion to amend, the caption of the complaint, and the first paragraph of the complaint, that the plaintiff meant "Wagon Wheel Restaurant" in paragraph 5, and not "Wagon Wheel Restaurant, LLC."[1]

The defendants' second argument is that, because it is clear that Wagon Wheel Restaurant and King's Limousine Service are sole proprietorships, it is only appropriate to sue King, since "neither defendant is a legal entity that can be sued," and the plaintiff "simply sued James King twice."[2]  (Doc. 24 at 3).  They state that King should not have to appear and defend himself more than once in this suit, calling it "a wasteful duplication of efforts."  (Doc. 26 at 2).

Alabama law determines whether these two defendants have the capacity to be sued.  See Fed. R. Civ. P. 17(b)(3); *see also, Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("[C]apacity to sue or be sued shall be determined by the law of the state in which the district court is held.") (citing Fed. R. Civ. P. 17(b)).  "Alabama law makes no distinction between an individual and a sole proprietorship operated by the individual. They are considered the same for legal purposes." *Carolina Cas. Ins. Co. v. Williams*, 945 So. 2d 1030, 1035 (Ala. 2006) (*citing Clardy v. Sanders,* 551 So.2d

---

[1]Further, the only count of the Amended Complaint which names this defendant is Count One which states that it is against "Wagon Wheel Restaurant."  (Doc. 23 at 9-10).

[2]The defendants mean "three times."

4

1057, 1059-60 (Ala.1989) (recognizing that an individual who operates a sole proprietorship is not a separate legal entity from the sole proprietorship)).

The parties have not cited, and this court has not found, Alabama authority stating whether the plaintiff can sue the defendants separately when they are all really the same entity.  The plaintiffs cite *Hughes v. Cox*, 601 So.2d 465 (Ala.1992), where the Alabama Supreme Court held that, if an individual receives personal service of the complaint,  a judgment is valid as against that individual, even where it is only entered against a sole proprietorship owned by that individual.  *Hughes*, 601 So. 2d at 471.  The plaintiff also cites *Moorer v. Hartz Seed Co.*, 120 F. Supp. 2d 1283 (M.D. Ala. 2000), where the federal district court, examining *Hughes* determined that a sole proprietorship had the capacity to sue under Alabama law, even when the individual who owned the company was not named as a plaintiff.  *Moorer*, 120 F. Supp. 2d at 1288.

The instant case is unlike *Hughes* and *Moorer* as here the individual <u>and</u> the companies are named.  Based upon the cases cited, the defendants are correct that the same legal entity, Mr. King, has been sued three times.  However, the plaintiff states that she "desires to maintain the connection between her  employment with [d]efendant King's businesses as they pertain to her claims while comporting with Alabama law," and that

5

> *Hughes* and *Moorer* suggest that the clearest way to name a defendant
> that is a sole proprietorship is to name the sole proprietor as "doing
> business as" its sole proprietorship. In *Hughes*, after originally naming
> only the sole proprietorship as a defendant, plaintiffs amended their
> complaint and renamed the defendant as "Gearlene Hughes, d/b/a
> Hughes Realty or Hughes Realty of Clanton." In *Moorer*, the Middle
> District noted that a difference between the facts in *Moorer* and those in
> *Hughes* was that the party named itself solely by her trade name,
> "MSC," instead of "Frances Moorer d/b/a MSC."

(Doc. 25 at 5-6).  She then states

> Like *Hughes* and *Moorer*, the sole Defendant in Plaintiff's Title VII
> sexual harassment claim (Count One) should be referred to as "James
> King d/b/a Wagon Wheel Restaurant" and the sole Defendant in
> Plaintiff's breach of contract claim (Count Six) should be referred to as
> "James King d/b/a King's Limousine Service."

(Doc. 25 at 6).

Since these three defendants are the same legal entity, they should be combined as one defendant.  The motion to dismiss is **GRANTED**.  Defendants Wagon Wheel Restaurant and King's Limousine Service are **DISMISSED**. Within 7 calendar days the plaintiff may amend to name the only real defendant as "James King doing business as both Wagon Wheel Restaurant and King's Limousine Service."

**DONE** and **ORDERED** this 8th day of August, 2013.

**VIRGINIA EMERSON HOPKINS**
United States District Judge